**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ALICIA JUANA DURAN MARTINEZ, AKA Alicia Duran, AKA Juana Martinez,<br><br>       Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>       Respondent. | No.   15-72975<br><br>Agency No. A200-306-002<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Maria Alicia Juana Duran Martinez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's order of removal.  We have jurisdiction under 8 U.S.C.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law and for substantial evidence factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency correctly concluded that Duran Martinez was statutorily ineligible for adjustment of status under 8 U.S.C. § 1255(i) because she is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I), where substantial evidence supports the agency's determination that she reentered the United States without being admitted, after previously accruing more than one year of unlawful presence. *See Garfias-Rodriguez v. Holder*, 702 F.3d 504, 513-14 (9th Cir. 2012) (en banc). Contrary to Duran Martinez's contention, the agency did not rely on her witness's testimony in making that determination.

**PETITION FOR REVIEW DENIED.**